# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8572 | **DATE** | January 25, 2012 |
| **CASE TITLE** | Burnham Nationwide, Inc. v. Oracle America, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons stated in the Statement section of this order, Oracle America, Inc.'s "Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)" [5] is granted. To the extent Burnham Nationwide, Inc. can plead a claim for breach of contract against Oracle, it is given to and including Feb. 23, 2012 to do so. The case is set for a status hearing at 9:00 AM on March 1, 2012.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

     Before the court is Defendant Oracle America, Inc.'s ("Oracle") "Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)." (Dkt. No. 5 (Def.'s Mot. to Dismiss.)) For the reasons stated herein, the motion is granted.

     The instant dispute stems from a failed business relationship between Burnham Nationwide, Inc. ("Burnham") and Hambra Consulting Corp. ("Hambra"). On July 22, 2009, Burnham obtained a $456,397.55 judgment against Hambra in the Circuit Court of Cook County, but has been unable to collect it. Consequently, Burnham brought this lawsuit against Oracle, Hambra's alleged partner, in an effort to do so.

     Burnham initially brought this action in the Circuit Court of Cook County, but Oracle properly removed it to this court on the basis of diversity jurisdiction. (Dkt. No. 1.) Burnham's one-count complaint seeks to recover the Hambra judgment from Oracle on the basis of joint and several liability. (Dkt. No. 1, Ex. A (Pl.'s Compl.).)

     Burnham's complaint, the allegations of which will be accepted as true for the purposes of this motion, alleges that on May 18, 2006, Oracle entered into a partnership agreement with Hambra to distribute Oracle's programs and services. (Pl.'s Compl. ¶ 5.) Oracle held out Hambra as a partner through written agreements and declarations on its website. (*Id.* ¶ 6.) Oracle and Hambra continue to hold themselves out as partners, including through statements on their respective websites. (*Id.* ¶ 7.) In mid-November 2006, Oracle recommended Hambra to Burnham for the installation, implementation, and maintenance of certain software. (*Id.* ¶ 8.) On Feb. 13, 2007, Burnham purchased software and other services from Hambra based on Oracle's recommendation. (*Id.* ¶ 9.) Hambra breached its agreement with Burnham, and on May 8, 2008, Burnham filed a demand for arbitration against Hambra based on that breach. (*Id.* ¶¶ 10, 11.)

     In November 2008, arbitration was held pursuant to the AAA Commercial Arbitration Rules and Mediation Procedures. (*Id.* ¶ 12.) On Jan. 20, 2009, the arbitrator, Jonathan S. Bain, issued an interim award declaring Burnham the prevailing party. (*Id.* ¶¶ 13, 14, and Ex. A.) On April 16, 2009, Bain issued a final award confirming Burnham as the prevailing party entitled to damages, attorney's fees, and certain other fees

**STATEMENT**

and expenses in the amount of $456,397.55. (*Id.* ¶ 15 and Ex. B.) On May 15, 2009, Burnham filed an application to confirm that award, and on July 22, 2009, a judgment was entered in that amount in the Circuit Court of Cook County. (*Id.* ¶¶ 16, 17, Ex C.) Burnham initiated collection proceedings against Hambra that have been unsuccessful to date. (*Id.* ¶¶18, 19.) Burnham contends that pursuant to 805 ILCS 206/308, Oracle is jointly and severally liable to it for the actions of its partner, Hambra. (*Id.* 23.)

Oracle moves to dismiss on the ground that Burnham is improperly seeking to enforce against Oracle a judgment resulting from proceedings to which Oracle was not a party. (Dkt. No. 7 (Def.'s Mem. in Supp. of Mot. to Dismiss, 1.) Burnham responds that Oracle's objection goes only to the manner in which Burnham must prove its claim. (Dkt. No. 12 (Pl.'s Resp., 1.) However, in light of the fact that Burnham's claim is pleaded as an effort to enforce the Hambra judgment against Oracle, which was not a party to the arbitration proceedings or the judgment, it must be dismissed.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts, accepted as true, "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a complaint's factual allegations need not be detailed, they must provide more than "labels, conclusions, or formulaic recitations of the elements of a cause of action, and allege enough to raise a right to relief above the speculative level." *Ruiz v. Kinsella*, 770 F. Supp. 2d 936, 941–42 (N.D. Ill. 2011) (citing *Twombly*, 550 U.S. at 555).

Burnham's complaint, labeled "Joint and Several Liability on Behalf of Partnership," clearly is an effort to enforce the Hambra judgment against Oracle because of its alleged partnership with Hambra without having to prove the breach of contract in this action. *See* Pl.'s Compl. ¶ 25. This is not appropriate under Illinois law, which governs because this dispute is before this court based on diversity of citizenship.

Under Illinois law, all partners are jointly and severally liable for the obligations of the partnership. 805 ILCS 206/306. A partnership is liable for the actionable conduct of a partner acting in the ordinary course of business. 805 ILCS 206/305. Additionally, as cited by Burnham in its complaint, Illinois law provides that a person who allows another to hold him out as a partner during a venture is liable for debts incurred in that venture. 805 ILCS 206/308.

These provisions allow Burnham to recover from Oracle for the breach of contract if it can prove that Oracle and Hambra were partners. They also would allow Burnham to recover from Oracle a judgment entered against the alleged Oracle/Hambra partnership.

Unfortunately, Burnham seeks to do neither in the present lawsuit. Rather, it seeks to impose vicarious liability upon Oracle for a judgment to which it was not a party. Ruling in a case involving similar circumstances, the Illinois Appellate Court in *Peterson v. Superior Bank*, 611 N.E.2d 1139, 1142 (Ill. App. Ct. 1993), held that "an action on a judgment is barred if brought against general partners who were not parties to the prior suit." (internal citations omitted). In *Peterson*, the plaintiff, who owned an architectural firm, obtained a judgment based on an arbitration award against two companies that failed to pay him for his work on a building renovation project. *Id.* at 1141. The judgment went unsatisfied and one of those companies filed for bankruptcy protection. *Id.* The plaintiff then brought a declaratory judgment action against a joint venturer in the project, seeking to hold it liable for the arbitration award. *Id.*

The plaintiff contended that he was entitled to seek satisfaction of the award from the joint venturer based simply on its status as a joint venturer. *Id.* Rejecting that argument, the *Peterson* court held that the plaintiff could not enforce a judgment confirming an arbitration award against a partner who was not a party to those arbitration proceedings. *Id.* at 1143; *accord Associated Aviation Underwriters v. Wood*, 98 P.3d 572, 615 (Ariz. Ct. App. 2004) ("The reasoning behind the general rule that actions on judgments cannot be brought against individuals or entities not parties to the original judgment is obvious: 'It is a violation of due process for a judgment to be binding on [and enforceable against] a litigant who was not a party or a privy, and therefore has never had an opportunity to be heard.'") (quoting *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 327 n. 7 (1979)).

In its response, Burnham relies on 735 ILCS 5/2-410, which provides, in relevant part:

**STATEMENT**

All parties to a joint obligation, including a partnership obligation, may be sued jointly, or separate actions may be brought against one or more of them. A judgment against fewer than all the parties to a joint or partnership obligation does not bar an action against those not included in the judgment or not sued. Nothing herein permits more than one satisfaction.

While this statute allows Burnham to bring a breach of contract claim against Oracle, provided such a claim is timely, it does not allow Burnham to proceed as it has attempted to do through its pending complaint. *See Peterson*, 611 N.E.2d at 1143. As such, Burnham's complaint is dismissed with leave to replead a breach of contract action against Oracle on or before Feb. 23, 2012. The case is set for a report on its status at 9:00 AM on March 1, 2012.

*James F. Holderman* (signature)